■ JEFFREY THOMPSON, Respondent, v ALLSTATE INSURANCE COMPANY, Appellant, et al., Defendants.—Judgment unanimously reversed, on the law, without costs, and judgment granted, in accordance with the following memorandum: The court erred in granting plaintiff summary judgment declaring that the policy of insurance of Allstate Insurance Company covering husband Thomas G. Beiter is excess over the policy of insurance of GEICO covering wife Ethel L. Beiter for an accident on September 26, 1982 involving the plaintiff. Ethel Beiter was driving a vehicle owned by her and insured by GEICO. Ethel Beiter's vehicle was not an insured auto as defined in the Allstate policy because it was not named on the declarations page of the policy and it was available for Ethel Beiter's regular use *(see, Federal Ins. Co. v Allstate Ins. Co.,* 111 AD2d 146, 147). Accordingly, defendant Allstate Insurance Company is entitled to judgment declaring that there is no coverage under the policy issued to Thomas G. Beiter for an accident which occurred on September 26, 1982 involving plaintiff and Ethel Beiter. (Appeal from judgment of Supreme Court, Erie County, Joslin, J.—declaratory judgment.) Present —Dillon, P. J., Boomer, Pine, Balio and Schnepp, JJ.

■ GERARD WHYENNY, Respondent, v OUR LADY OF VICTORY HOSPITAL, Appellant.—Order unanimously affirmed, with costs, for reasons stated at Special Term, Gossel, J. (Appeal *from order of* Supreme Court, Erie County, Gossel, J.—strike ad damnum clause.) Present—Dillon, P. J., Boomer, Pine, Balio and Schnepp, JJ.

■ MARCHESA DI SARAVALLE, Also Known as ISIDE CAPOMACCHIO, Respondent, v F. W. WOOLWORTH CO., INC., Appellant.—Judgment unanimously affirmed, with costs *(see, Negri v Stop & Shop,* 65 NY2d 625). (Appeal from judgment of Supreme Court, Oneida County, Sullivan, J.—negligence.) Present—Dillon, P. J., Boomer, Pine, Balio and Schnepp, JJ.